**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Cianci,<br><br>        Plaintiff,<br><br>v.<br><br>Department of Health and Human Services, et al.,<br><br>        Defendants. | No. CV-25-00249-TUC-SHR<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9.) For the following reasons, the Court will dismiss Plaintiff's claims without prejudice due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 8 and thus deny the Motion to Dismiss as moot.

**I.     Background**

Plaintiff, a former Administrative Law Judge (ALJ) with the Office of Medicare Hearings and Appeals (OMHA), a component of the Department of Health and Human Services (HHS) (Doc. 1 ¶¶ 3, 6), brings numerous claims arising from an OMHA investigation against him in 2022 prior to his retirement. (*Id.* ¶¶ 6–8.) The Complaint spans seventy-eight pages and asserts a wide array of statutory and constitutional violations including claims under the Privacy Act, the Age Discrimination in Employment Act, the Due Process Clause of the United States Constitution, the False Claims Act, and the Older Workers Benefit Protection Act. (Doc. 1.)

In his Complaint, Plaintiff acknowledges he entered into a settlement agreement with Defendants in a previous lawsuit, resolving his then-claims regarding his employment and releasing claims against Defendants in exchange for a payment of $5,000. (*Id.* at ¶¶ 2, 151–152.) Defendants move to dismiss Plaintiff's current lawsuit on the ground Plaintiff's claims are barred by the settlement agreement's release of claims. (Doc. 9.) Defendants do not individually address the six counts asserted in Plaintiff's Complaint, instead generally arguing Plaintiff failed to plead facts to invalidate the release because he signed a "no representations" clause as part of the settlement and has not sufficiently pled the agreement was fraudulently induced. (*Id.*)

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102–03 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," so the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Rule 8's pleading standard does not require detailed factual allegations, but demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *See id.*

"District courts possess inherent authority to dismiss *sua sponte* a pleading that fails to comply with Rule 8" and can order a plaintiff to replead when the complaint does not comply with Rule 8(a). *Beck v. Catanzarite Law Corp.*, No. 22-cv-1616-BAS-DDL, 2023 WL 1999485, at *4, 10 (S.D. Cal. Feb. 14, 2023); *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129–31 (9th Cir. 2008) (holding a pleading may be dismissed *sua sponte* for failure to satisfy Rule 8); *Robert v. First Haw. Bank*, 172 F.3d 58 (9th Cir. 1999) (upholding district court's *sua sponte* Rule 8 dismissal) (mem.). A complaint having the

factual elements of a cause of action scattered throughout and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action.  *See* Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss, it is the defendant's burden to demonstrate the plaintiff has failed to state a claim.  *See Avalanche Funding, LLC v. Five Dot Cattle Co.*, No. 2:16-cv-02555-TLN-KJN, 2017 WL 6040293, at *3 (E.D. Cal. Dec. 6, 2017).

### III.  Discussion

Although Defendants' pending Motion to Dismiss does not raise the insufficiency of Plaintiff's Complaint under Rule 8, the Court *sua sponte* concludes Plaintiff's Complaint fails to provide a "short and plain statement" of the claims showing entitlement to relief.  A complaint violates Rule 8 standards "when a pleading says too little," but a violation also occurs "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  The Ninth Circuit has noted "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)).  It is not the Court's responsibility to review a sprawling narrative to determine which facts support Plaintiffs' claims.  *See id.*  Plaintiff's Complaint is neither short nor plain, and its length, repetition, and lack of clarity make it difficult for Defendants to respond and for the Court to discern the precise factual basis for each claim.  The Court declines to parse each of Plaintiff's numerous claims where the Complaint is excessively prolix and discursive.  *See McHenry*, 84 F.3d at 1178 ("[T]he very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action."); *see also Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009) ("Neither this Court nor the district court is required to parse the complaint searching for allegations . . . that could conceivably form the basis of each of [Plaintiff's] claims."); *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003)

("[J]udges are not like pigs, hunting for truffles buried in briefs.") (citation omitted).

Accordingly, the Court will dismiss the Complaint without prejudice and with leave to amend so Plaintiff may file an amended complaint compliant with Rule 8. The amended complaint must: (1) clearly identify each cause of action and which defendants the claim applies to; (2) state the factual basis relevant to each claim in a concise manner; (3) separate claims covered by the settlement agreement from claims not covered by the agreement; and lastly, (4) plead specific facts challenging the validity of the settlement agreement before addressing claims which would be barred by the agreement should the Court find the agreement is valid.

Regarding Defendant's Motion to Dismiss—Defendants have not met their burden of demonstrating Plaintiff fails to state a claim. Defendants have not demonstrated all claims asserted in the Complaint fall within the prior settlement agreement's scope. Nor have Defendants addressed the applicability of the release on a claim-by-claim basis. Furthermore, Defendants have not addressed any of Plaintiff's individual claims on their merits. Contrary to their assertions, Plaintiff does not necessarily need to plead or establish the elements of fraud to invalidate the settlement agreement, *see Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 462 (9th Cir. 1989) (stating settlement agreements must be "voluntary, deliberate, and informed" to effectively waive claims) (citation omitted), and the presence of a "no representations" clause, alone, is not enough to dismiss Plaintiff's claims at the Motion to Dismiss stage, *Takahashi v. Farmers Ins. Group–Merced Office*, No. 09-CV-01668-OWW-SMS, 2010 WL 842723, at *3 (E.D. Cal. Mar. 10, 2010) ("If, in evaluating a motion to dismiss on res judicata grounds, disputed issues of fact are raised, the defense cannot be resolved."). Regardless of these shortcomings, the Court will deny the Motion as moot due to the Complaint's non-compliance with Rule 8. Defendants' Motion will be better considered upon the Complaint's compliance with Rule 8.

### IV. Conclusion

**IT IS ORDERED** Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

1  Plaintiff may file an amended complaint pursuant to this Order within 30 days from the
2  date this Order is filed.

3      **IT IS FURTHER ORDERED** Defendants' Motion to Dismiss (Doc. 9) is
4  **DENIED** as moot.

5      Dated this 22nd day of January, 2026.

*[Signature]*
Honorable Scott H. Rash
United States District Judge